UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 20-179

**EDDIE JENKINS,**                                                      **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**           **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

        **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits in January 2017, alleging disability beginning In November 2016, due to due to back pain with past surgery, carpal tunnel syndrome, and an irregular heart rate (atrial fibrillation). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Robert Bowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Christopher Rymond, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 51 years old at the time he alleges he became disabled. He has a 12th grade education. His past relevant work experience consists of work as a water proofing supervisor and construction worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity and spinal disorders, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of light work, as defined by 20 C.F.R. § 404.1567(b). Specifically, the ALJ found that Plaintiff could lift and

carry 20 pounds occasionally and 10 pounds frequently; could sit for four hours and stand/walk for four hours per eight hour workday (but for no more than 30 minutes each at one time); could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; could never climb ladders, ropes, or scaffolds; and should avoid moderate exposure to vibration and all exposure to hazards

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

      **B.**      **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ gave only partial weight to the opinion of his treating physician, John Vaughn, M.D.; (2) the ALJ found that he had severe disorders of the spine rather than finding all of his various spine-related diagnoses to be separate severe impairments at Step 2 and (3) the ALJ did not specifically consider his alleged medication side effects.

      **C.**      **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ gave only partial weight to the opinion of his treating physician, John Vaughn, M.D.

Dr. Vaughan treated Plaintiff for his back pain from late 2016 through late 2018 and performed back surgery on Plaintiff in late 2016. The record contains two medical source statements from him in the form of check-the-box type forms. In 2017, he filled out one such form indicating that Plaintiff was permanently disabled for full time work and could not lift more than 20 pounds, could not bend or twist, could not climb ladders, and needed to alternate between sitting and standing at will (Tr. 332-36). He also completed a questionnaire in mid-2018 in which he indicated that, due to his low back and leg pain, Plaintiff could stand and walk less than two hours total each per day and sit four hours per day; needed frequent periods of walking,

needed to lie down and to shift positions at will during the day; could occasionally lift 10 pounds and infrequently lift 20 pounds (but never more); and could only occasionally twist (Tr. 451-55). On this form, he also circled responses immediately above this response indicating that Plaintiff could sit 15 minutes or four hours without changing positions, stand 10 minutes or two hours without changing position, and walk 10 minutes or two hours without changing position (Tr. 453).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).[1]

The ALJ discussed Dr. Vaugh's treatment notes as well as his medical source statements and gave them partial weight. He discounted the lifting/standing/walking limitations because he found them to be inconsistent with Dr. Vaughn's notes following Plaintiff's back surgery which state that his back problems had improved, and his related symptoms were stable. This is supported by the notes of Plaintiff's primary care provider, Melissa Simms, APRN, which state that he had some pain with range of motion in his back but no complaints of pain with walking (Tr. 461-62, 474, 479, 495). Another note states that "a physical examination showed a normal

---

1 The elimination of the treating physician rule applies only to "claims filed on or after March 27, 2017." *See* Social Sec. Admin., *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. at 5845. Plaintiff filed the instant claim in January 2017; therefore, the prior "treating physician rule" and related SSRs and case law continue to apply to this case.

gait, normal sensation, normal strength, good motor tone, and full (5/5) muscle strength" (Tr. 479). Given that Dr. Vaughn's opinion is at odds not only with his own notes but other medical evidence in the record, the Court finds that the ALJ did not err is discounting his opinion in this regard.

The ALJ also discussed the d the inconsistent nature of Dr. Vaughan's responses regarding Plaintiff's ability to sit, stand, and walk. Specifically, Dr. Vaughn circled both responses in the 2018 questionnaire, thereby opining that Plaintiff "could sit four hours total per day and stand and walk less than two hours each per day" **and** "could sit 15 minutes or four hours without changing positions, stand 10 minutes or two hours without changing position, and walk 10 minutes or two hours without changing position." Given the confusing and contradictory nature of this opinion, the Court finds that the ALJ did not err in not deferring to it.

As for Dr. Vaughn's opinion that Plaintiff is "permanently disabled", ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where there is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff's second claim of error is that the ALJ found that he had severe disorders of the spine, rather than finding all of his various spine-related diagnoses to be separate severe impairments at Step 2.

The ALJ found that Plaintiff had the severe impairments of disorders of the spine and obesity (Tr. 17). The ALJ then went on to discuss Plaintiff's treatment for his back pain,

6

including his history of back surgery, in depth in finding that he could perform a range of light work with further reduced standing and walking requirements (Tr. 19-21).

It is unclear how separating each and every impairment would alter the RFC or the ultimate finding of no disability. Where, as in this case, the ALJ determines that a claimant had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence. *See Watson v. Co0mmissioner of Social Security*, 2018 WL 718615 (S.D. Ohio 2018). Accordingly, the Court finds no error at Step 2.

Finally, Plaintiff contends that the ALJ erred by failing consider his alleged medication side effects.   Yet, the record is fairly scant in this regard. Although, Plaintiff reported some medication side effects in his statements to the agency (Tr. 38 (trouble focusing and dizziness), 40 (sweats), 184 (drowsiness), 195 (drowsiness and dizziness), 203 (lightheadedness and drowsiness), 214 (dry mouth, fatigue, "mental fogginess," "crazy dreams")).   He did not report these to his providers regularly.   In fact, he denied dizziness, fatigue, and or confusion to his doctors when asked (Tr. 461, 473, 478, 486-87, 490-91, 494-95).

Notwithstanding the lack of objective evidence of any disabling side effects, the ALJ limited Plaintiff to performing work that did not involving climbing ladders, ropes, or scaffolds and avoiding all exposure to hazards (Tr. 19). These restrictions would account for Plaintiff's alleged medication side effects of dizziness, drowsiness, lightheadedness, and mental fogginess. Therefore, the Court finds no error in this regard.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9th day of July 2021.

**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**